UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 11-70** |
| **RUSSELL DAVIS** | **SECTION I** |

## ORDER & REASONS

Before the Court is defendant Russell Davis's ("Davis") motion[1] for post-conviction relief pursuant to Rules 60(b)(4) and (6) of the Federal Rules of Civil Procedure. The government opposes the motion.[2] Because the Court concludes that Davis's motion is a successive petition for relief under 28 U.S.C. § 2255, the motion is transferred to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 1631.

I.

On December 1, 2011, Davis pled guilty to counts three through seven of a ten-count indictment.[3] Counts three and seven charged him with distributing and possessing with the intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2.[4] Counts four, five, and six charged him with distributing and possessing with the intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2.[5]

---

[1] R. Doc. No. 429.
[2] R. Doc. No. 436.
[3] R. Doc. No. 125.
[4] R. Doc. No. 36.
[5] *Id.*

The government also filed a "Bill of Information to Establish Prior Conviction" on December 1, 2011, which stated that "[o]n August 22, 2008, in the Criminal District Court for the Parish of Orleans, State of Louisiana . . . the defendant, Russell Davis, pled guilty to the charges [sic] of possession of cocaine (crack) in violation of LA. R.S. 40:967(C)(2), [for which] [h]e was sentenced to serve two years in the custody of the Louisiana Department of Corrections."[6]

The Court sentenced Davis on March 23, 2012.[7] With a total offense level of 27, criminal history category of IV, and mandatory minimum sentence of 120 months for counts four, five, and six pursuant to 21 U.S.C. § 841(b)(1)(B), Davis's advisory guidelines range was 120 to 125 months.[8] The Court found that Davis's criminal history category of IV substantially underrepresented the seriousness of his criminal history and the likelihood that he would commit other crimes and that, therefore, an upward departure was warranted.[9] The Court found an offense level of 29 and a criminal history category of VI to be appropriate, placing the range of punishment between 151 months and 188 months.[10] The Court sentenced Davis to a term of imprisonment of 125 months as to each of counts three and seven and 180 months as

---

[6] R. Doc. No. 119.
[7] R. Doc. No. 180.
[8] R. Doc. No. 217, at 3:25–4:3–4. According to the sentencing transcript, the Court noted that "counts 4, 5, and 6 have a statutorily required minimum sentence of 120 months" and then concluded that "the advisory guideline imprisonment range is 100 to 125 months[.]" *Id.* at 4:3–6. The transcript is incorrect. As indicated in the Court's order denying two of Davis's motions for a reduction in sentence, the applicable guidelines range was 120 to 125 months. *See* R. Doc. No. 366.
[9] R. Doc. No. 217, at 9:2–7.
[10] *Id.* at 12:11–14.

to each of counts four, five, and six, all to be served concurrently.[11] The Court also imposed an eight-year term of supervised release, which consisted of six years as to each of counts three and seven and eight years as to each of counts four, five, and six, all to be served concurrently.[12]

Following a direct appeal of his judgment of sentence,[13] which the Fifth Circuit dismissed based on the waiver of appellate rights in his plea agreement,[14] Davis filed a § 2255 petition.[15] Davis argued in his § 2255 petition that his attorney rendered ineffective assistance of counsel by: failing to inform him of the consequences of pleading guilty or the minimum and maximum sentences, failing to negotiate plea agreements preserving additional constitutional rights or reducing the amount of drugs to which he pleaded, and failing to file pretrial motions or to interview witnesses.[16] Davis also contended that his sentence was unconstitutional in light of *Alleyne v. United States*, 133 S. Ct. 2151 (2013), because the amount of drugs used to calculate his sentence was "never proven."[17]

This Court denied the petition, finding that, pursuant to his written plea agreement, Davis knowingly and voluntarily waived his right to challenge his

---

[11] R. Doc. No. 187, at 2.
[12] R. Doc. No. 187, at 3.
[13] R. Doc. No. 191.
[14] R. Doc. No. 303. Specifically, the Fifth Circuit found that Davis's waiver of appeal of any sentence that did not exceed the statutory maximum was valid and enforceable. *United States v. Davis*, 523 F. App'x 283, 286 (5th Cir. 2013).
[15] R. Doc. No. 316.
[16] *Id.* at 2, 11–16.
[17] *Id.* at 13–15.

conviction and sentence in a collateral proceeding, such as via a § 2255 petition.[18] The Court further found that Davis's attorney's alleged ineffective assistance did not directly affect the validity of the waiver or plea and, nonetheless, Davis's claims failed on the merits.[19]

Davis subsequently filed three motions[20] to reduce his sentence pursuant to 18 U.S.C. § 3582, each of which this Court denied.[21] Davis filed the instant motion[22] on June 15, 2020, requesting that the Court vacate his sentence pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

## II.

Federal Rule of Civil Procedure 60(b) authorizes a court to "relieve a party or its legal representative from a final judgment, order, or proceeding . . . [if] the judgment is void . . . [or for] any other reason that justifies relief." Fed. R. Civ. P. 60(b)(4), (6). Courts must distinguish between motions under Rule 60(b) and petitions seeking relief under 28 U.S.C. § 2255 to ensure that petitioners do not use Rule 60(b) motions to "make an end-run around [§ 2255]'s exacting procedural requirements." *United States v. Patton*, 750 F. App'x 259, 263 (5th Cir. 2018); *see United States v. Jones*, 796 F.3d 483, 484–85 (5th Cir. 2015) (citing 28 U.S.C. § 2244(b)(3)(A)) (requiring that habeas petitions filed under § 2255 receive prior

---

[18] R. Doc. No. 329, at 7–10.
[19] *Id.* at 10.
[20] R. Doc. Nos. 343, 344, 410.
[21] R. Doc. Nos. 366 & 411.
[22] R. Doc. No. 429.

4

authorization from a federal court of appeals before a defendant may file a "second or successive" application in federal district court).

A defendant's motion for relief is properly brought under Rule 60(b) if the defendant "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Patton*, 750 F. App'x at 263 (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 n.4 (2005)). To succeed on a Rule 60(b)(6) motion in a federal habeas proceeding, the movant must show "a non-merits-based defect in the district court's earlier decision on the federal habeas petition." *In re Edwards*, 865 F.3d 197, 204 (5th Cir.), *cert. denied sub nom. Edwards v. Davis*, 137 S. Ct. 909 (2017) (citing *Ballantine v. Thaler*, 626 F.3d 842, 847 (5th Cir. 2010)). A Rule 60(b) motion is not considered a second or successive habeas petition if it "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532.

"[W]here a Rule 60(b) motion advances one or more substantive claims, as opposed to a merely procedural claim, the motion should be construed as a successive § 2255 motion." *United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013) (citing *Gonzalez*, 545 U.S. at 532 & n. 4). The Supreme Court has explained that "an attack based on the movant's own conduct, or his habeas counsel's omissions . . . ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." *Gonzalez*, 545 U.S. at 532 n.5.

5

### III.

Davis argues that his judgment of sentence is void because "no one present at the proceedings, pre-trial, re-arraignment, or sentencing, including defense counsel, counsel for the government, the U.S. Probation Officer, or the Court, recognized or presented that Movant's prior conviction for possession of cocaine, in violation of Louisiana Revised Statute Title 40 § 967(c)(2) . . . did not qualify as a 'serious drug felony' for purposes of a Title 21 U.S.C. § 851(a) enhancement[.]"[23] Davis argues that his prior state conviction, for which he received a two-year *suspended* sentence, did not qualify as a "serious drug felony" because he "never served a continuous term of imprisonment of more than twelve (12) months[.]"[24] Based upon this allegedly erroneous conclusion, Davis contends that his statutory sentencing ranges were wrongly increased from a range of five to forty years to a range of ten years to life imprisonment for counts four, five, and six (violations of 21 U.S.C. § 841(b)(1)(B)), and from a limit of not more than twenty years to a limit of not more than thirty years for counts three and seven (violations of 21 U.S.C. § 841(b)(1)(C)).[25]

Davis also asserts that because the "Bill of Information to Establish Prior Conviction" contained an inaccurate statement—namely, its failure to specify that Davis's two-year sentence for his prior state drug conviction was suspended—"all

---

[23] R. Doc. No. 429-1, at 8–9. Section 851(a) provides that, before the government may use a defendant's prior conviction to subject him to increased punishment under § 841, the government must file "an information" with the court and serve a copy on the defendant's counsel stating in writing the previous convictions to be relied upon. 21 U.S.C. § 851(a).
[24] R. Doc. No. 429-1, at 9.
[25] *Id.*

further proceedings . . . were conducted with a defect in their integrity," which "led to Movant being imprisoned for twenty (20) months longer than what Congress intended for his offense."[26]

Elsewhere in his motion, Davis argues that his sentence "is at minimum 43 months longer than intended by the Court," because "[a]bsent the erroneous § 851(a) information, Movant's advisory range would have remained at 77 to 96 months."[27] Davis reasons that, "assuming the Court would still have departed upward by 60 months, Movant would most likely [have] received a 137-month term of imprisonment."[28] According to Davis, a 137-month term of imprisonment, 43 months fewer than the sentence the Court imposed, "was the Court's intent"[29] and, therefore, the Court must vacate his sentence.[30]

## IV.

The claim that Davis presents in his motion, which challenges the validity of his underlying sentence, is substantive, rather than procedural. Accordingly, it must be construed as a successive § 2255 petition. *See United States v. Hill*, 202 F. App'x

---

[26] *Id.* at 10.
[27] *Id.* at 11.
[28] *Id.*
[29] *Id.*
[30] *Id.* at 11–12. Davis also argues that his sentence should be void because, following Amendment 782 of the United States Sentencing Guidelines, his offense level would have been decreased by two levels, resulting in an advisory range of 63 to 78 months. Adding the upward departure of 60 months to the low-end of that range, Davis contends, the Court would have imposed a 123-month term of imprisonment. *Id.* at 11. The Court does not address this argument, as it has previously considered and rejected Davis's motions for a sentence reduction pursuant to 18 U.S.C. § 3582(c) and Amendment 782 of the United States Sentencing Guidelines. *See* R. Doc. Nos. 366 & 411.

712, 713 (5th Cir. 2006) ("Because [the defendant] is challenging the validity of his underlying sentence, his [Rule] 60(b)(4) motion should have been construed as a successive 28 U.S.C. § 2255 motion."). Davis's argument that the Court erred in calculating his sentence could have also been raised in an earlier petition. *See United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) ("[A] subsequent motion is 'second or successive' when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ.") (internal quotation marks and citation omitted).

Davis's assertion that any proceeding following the government's filing of the bill of information was "conducted with a defect in [its] integrity" does not present any specific argument as to why there was "some defect in the integrity of the federal habeas proceedings." *See Gonzalez*, 545 U.S. at 532.

Furthermore, even assuming Davis's motion is properly brought pursuant to Rule 60(b), his claim lacks merit. First, the Court did not depart upwards from Davis's sentencing guidelines range based upon the sentence imposed for his prior state drug conviction.[31] Rather, the Court departed upwards to a term of imprisonment of 180 months after concluding that Davis's criminal history category

---

[31] The presentence investigation report, which the Court considered in its entirety to arrive at its sentence, *see* R. Doc. No. 217, at 12:15–16, noted that Davis was sentenced to "2 years imprisonment, suspended" for his state court conviction for possession of crack. R. Doc. No. 160, at 16 ¶ 73.

substantially underrepresented the seriousness of his criminal history and the likelihood that he would commit other crimes.[32]

Second, at the time Davis was sentenced, prior to the passage of the First Step Act of 2018, both sections 841(b)(1)(B) and (C) provided for enhanced terms of imprisonment if the defendant had a prior conviction for a *felony* drug offense. *See* Pub. L. No. 103-322, § 90105(a), 108 Stat. 1796, 1987–88 (1994); 21 U.S.C. § 841(b)(1)(B), (C). Therefore, at the time Davis was sentenced, the Court properly considered Davis's prior state drug conviction as a felony drug offense, which enhanced the statutory penalties.[33] This increased the statutory range for a violation of section 841(b)(1)(B) from five to forty years to ten years to life, and the statutory maximum for a violation of section 841(b)(1)(C) from twenty years to thirty years.

---

[32] R. Doc. No. 217, at 9:2–7. Davis relies on *United States v. Sapp*, No. 96-225, 2008 WL 4724423 (S.D. Tex. Oct. 24, 2008) in support of his assertion that the sentence he received did not comport with the Court's intent. R. Doc. No. 429-1, at 11–12. In *Sapp*, the record before the court clearly indicated that the sentencing court's intention was to sentence the petitioner to a term of imprisonment to run concurrently with the petitioner's state court sentence. 2008 WL 4724423, at *7–*8. When the Bureau of Prisons ("BOP") neglected to grant the petitioner credit for time served for his state court sentence, he filed a Rule 60(b) motion. *Id*. The court granted the motion, finding that the sentencing court erroneously depended upon the BOP to award time served for the state conviction and that the petitioner was entitled to a re-sentencing hearing. *Id*. at *8–*9. Unlike in *Sapp*, there is no evidence in the record that indicates that the Court did not intend for Davis to serve 180 months in the custody of the BOP.

[33] The version of § 802 in effect when Davis was sentenced defined felony as "any Federal or State offense classified by applicable Federal or State law as a felony." Pub. L. No. 91-513, § 102(13), 84 Stat. 1236, 1244 (1970); 21 U.S.C. § 802(13). Louisiana law classified Davis's prior conviction of possession of cocaine (crack) in violation of La. R.S. § 40:967(C)(2) as a felony. *See* La. R.S. § 40:967(C)(2); La. R.S. § 14:2(A)(4).

The Court's sentence of 180 months (15 years) falls squarely within the permissible statutory range.

Third, Davis's sentence would still be lawful even if it had been imposed subsequent to the passage of the First Step Act. The First Step Act amended section 841(b)(1)(B) to require a prior conviction for a *serious* drug felony offense to enhance the statutory penalties. *See* Pub. L. No. 115-391, § 401(a)(2), 132 Stat. 5194, 5220–21 (2018); 21 U.S.C. § 841(b)(1)(B).[34] Davis's prior state drug conviction for possession of cocaine would not qualify as such an offense. *See* 21 U.S.C. § 802(57); 18 U.S.C. § 924(e)(2). Accordingly, his statutory range of imprisonment would be five to forty years for counts four, five, and six, and a maximum term of imprisonment of thirty years for counts three and seven. *See* 21 U.S.C. § 841(b)(1)(B), (C). Davis's sentence of 180 months (15 years) still falls within this permissible statutory range.

---

[34] The First Step Act did not amend § 841(b)(1)(C). *See* 21 U.S.C. § 841(b)(1)(C). However, § 802 has been amended since Davis's sentencing. Under the current version of the statute, a "felony drug offense" is "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). Davis's prior state drug conviction would still qualify as a "felony drug offense" under this amended definition because, as Davis acknowledges in his motion, possession of cocaine is punishable by imprisonment for more than one year under Louisiana law. *See* R. Doc. No. 429-1, at 10; La. R.S. § 40:967(C)(2). Accordingly, Davis's maximum term of imprisonment for counts three and seven would still be thirty years.

V.

Accordingly,

**IT IS ORDERED** that the motion is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

New Orleans, Louisiana, August 3, 2020.

```
_____
     LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE
```